# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF**

**v.**                        **CASE NO. 4:21-CR-00323-02 and 03-LPR**

**ENRIQUE SALAZAR-PACHEO**                                         **DEFENDANTS**
**and RICHARD SMITH**

## ORDER REGARDING CONTINUANCES

      A jury trial in the matter of *USA v. Enrique Salazar-Pacheo and Richard Smith* has been set for **May 31, 2022**. The Court understands that nearly all Defendants seek continuances of a first trial date. The Court also understands that the Government may, in certain circumstances, also seek one or more continuances. In order to aid this Court's compliance with the United States Constitution and the Speedy Trial Act, the Court directs the parties as follows:

1. Upon the initial setting of a trial date, a party must file any motion for a continuance fourteen (14) days prior to trial. Upon the second setting of a trial date and any further settings thereafter, a party must file any motion for a continuance at least twenty-one (21) days prior to trial. After the deadlines just referenced, the Court may deny a motion for a continuance for being untimely. Absent extraordinary circumstances, the Court intends to do so.

2. When requesting a continuance, the moving party must inform the Court whether or not the period of delay is excludable under 18 U.S.C. § 3161(h). The moving party must cite the specific subsection of 18 U.S.C. § 3161(h) that applies and explain why that subsection applies.

3. If 18 U.S.C. § 3161(h)(7) applies, the moving party must include detailed and persuasive information that the Court can adopt as its "finding that the ends of justice served by [granting the continuance] outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In addition to providing detailed factual information, the moving party must explain—under the balancing test just referenced—why the ends of justice served by a continuance outweigh the public's interest and the defendant's interest in a speedy trial. The moving party must also address the 18 U.S.C. § 3161(h)(7)(B) factors that the Court is statutorily required to consider. The moving party should ensure that the factual information and legal analysis provided to support excludability is **case-specific** and **not merely general or generic**. *See, e.g., Zedner v. United States*, 547 U.S. 489, 499 (2006).

4. The moving party must identify the specific length of the continuance it is requesting. The specific length of the continuance must be justified to the Court consistent with paragraph 3 above.

5. The moving party must state whether the motion is opposed or unopposed.

6. A motion for continuance may be denied for failure to comply with one or more of the foregoing directions.

IT IS SO ORDERED THIS 29th day of April 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE